Affirmed and Opinion filed January 9, 2007








Affirmed and Opinion filed January 9, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00200-CR

____________

 

RAUL HERNANDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 994,579

 



 

O P I N I O N

Appellant, Raul Hernandez, appeals from his conviction for
aggravated kidnaping.  After appellant pleaded guilty without an agreed
recommendation as to sentencing, the trial court found him guilty and assessed
punishment at fifty years in prison.  In two issues, appellant contends that
the evidence is legally and factually insufficient to support the trial court=s implied finding
that he did not voluntarily release the complainant in a safe place.  We
affirm.








Background

During a pre-sentence investigation hearing, Seyyed Ali,
the complainant, testified that on July 15, 2004, he was in his car at a
restaurant when appellant and another man entered the car.  Ali was pushed into
the back seat, and appellant drove the car while the other man held a gun on
Ali in the back seat.  They drove to an ATM at a gas station.  Appellant took
Ali=s ATM card and
attempted to use it, but Ali had accidentally given him the wrong APIN number.@  Appellant
returned to the car, told Ali that he would give him one more chance, but
threatened to kill Ali if given the wrong number again.  They drove to a
grocery store, and appellant took Ali=s ATM card inside
while the other man stayed in the back of the car holding a gun behind Ali=s back.  When
appellant told the other man on a cellular telephone that he had withdrawn
money, the man exited Ali=s car and entered the store, leaving Ali
in the car without his keys or cell phone.  Ali said that his Ainstincts just
kicked in to just get out of the car and run to the [store].@  Once in the
store, he told employees to call the police.  While Ali was telling a security
guard what had happened, appellant came back to get Ali=s car.  The
security guard confronted appellant; he showed her that he had a gun stuck in
his pants and then ran away.  No one else testified regarding the kidnapping.

Analysis








In two issues, appellant attacks the legal and factual sufficiency
of the evidence to support the trial court=s allegedly
implied finding that he did not voluntarily release the complainant in a safe
place.  Aggravated kidnapping is generally a first‑degree felony,
however, A[a]t the punishment stage of a trial, the defendant
may raise the issue as to whether he voluntarily released the victim in a safe
place.  If the defendant proves the issue in the affirmative by a preponderance
of the evidence, the offense is a felony of the second degree.@  Tex. Penal Code Ann. ' 20.04(c), (d)
(Vernon 2003).  A first‑degree felony is punishable by a term of
imprisonment for 5‑99 years, or life; whereas, a second degree felony is
punishable by a term of imprisonment for 2-20 years.  Id. '' 12.32(a),
12.33(a).  Because the trial court sentenced appellant to fifty years in prison
(which was in the range for a first degree but not a second degree felony),
appellant asserts that the trial court impliedly found that appellant did not
voluntarily release Ali to a safe place.

In response, the State maintains that appellant may not
bring this issue on appeal because he never raised it in the trial court.  A
defendant in an aggravated kidnapping case does indeed have the burden of
raising and proving voluntary release in a safe place.  See Tex. Penal Code Ann. ' 20.04 (d); Posey
v. State, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998); Carreon v. State,
63 S.W.3d 37, 39 (Tex. App.CTexarkana 2001, pet. ref=d).  Appellant
does not point to any place in the record where he raised the voluntary release
issue in the trial court, and our review has discovered none.[1] 
Accordingly, appellant has waived the issue.  We overrule appellant=s two issues.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed January 9, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant=s
main defensive strategy in the PSI hearing was to argue that although he
particpated in the kidnapping, he was not as culpable as the other person
involved.